**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROYAL PALM FILMWORKS, INC., | No. 17-56313 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:17-cv-02336-PSG-FFM |
| FIFTY-SIX HOPE ROAD MUSIC, LTD., a corporation organized under the laws of Bahamas; HOPE ROAD MERCHANDISING LLC, a Florida limited liability Company; ESTATE OF BOB MARLEY, an estate probated under the laws of Jamaica, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted December 6, 2018
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: RAWLINSON and BEA, Circuit Judges, and RICE,[**] Chief District Judge.

Appellant Royal Palm Filmworks, Inc. (Royal Palm) sought a declaratory judgment that Appellees Fifty-Six Hope Road Music Ltd. and Hope Road Merchandising, LLC (Hope Road), which apparently hold copyrights related to the musician Bob Marley (Marley), were prohibited from interfering in the production of a film that Royal Palm intended to produce. Royal Palm contends that the district court erred in dismissing its declaratory judgment action for lack of subject matter jurisdiction because Royal Palm failed to sufficiently allege that the film was finalized.

The district court properly dismissed Royal Palm's action for lack of subject matter jurisdiction because Royal Palm failed to sufficiently allege facts satisfying the standard for declaratory judgment. "A case or controversy exists justifying declaratory relief only when the challenged activity is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the parties. . . ." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 867 (9th Cir. 2017) (citation, alterations, and internal quotation marks omitted). "Basically, the question in each

[**] The Honorable Thomas O. Rice, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation and footnote reference omitted).

Royal Palm alleged in its Complaint that it "intends to produce" a film "embodying fictional and artistic depictions of Marley" premised on a screenplay, its rights to the life story of Danny Sims, and other intellectual property rights. The gravamen of Royal Palm's complaint was that Hope Road interfered with the production of its future film based on Hope Road's copyrights, and Royal Palm sought a broad declaration that Hope Road has "no right to cause any [i]nterference with the production, distribution and exploitation of Royal Palm [c]opyrights." However, due to the unfinished, uncertain, and speculative nature of Royal Palm's intended film based on a screenplay and its purported intellectual property rights, Royal Palm failed to allege the "sufficient immediacy and reality" required to support a declaratory judgment. *Id.* (citation omitted). The district court correctly concluded that it was entirely unclear which copyrights, if any, to the music and images of Marley might be subject to infringement challenges until the film is completed. For the same reasons, the district court did not abuse its discretion in

denying leave to amend as futile. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) (explaining that "[l]eave to amend may be denied if the proposed amendment is futile or would be subject to dismissal") (citation omitted).[1]

**AFFIRMED.**

---

[1] Because we uphold the dismissal of Royal Palm's declaratory judgment action, we need not and do not, address Royal Palm's assertion that the district court abused its discretion in deferring ruling on Royal Palm's summary judgment motion pursuant to Fed. R. Civ. P. 56(d), or Royal Palm's contention that it was entitled to summary judgment.